**SEQUOIA BOOKS, INC., an Illinois corporation, d/b/a Denmark II, Plaintiff,**

**v.**

**Dallas INGEMUNSON, in his capacity as State's Attorney of Kendall County, Illinois, a body politic, and the People of the State of Illinois, Defendants.**

No. 88 C 10181.

United States District Court, N.D. Illinois, E.D.

June 1, 1989.

J. Steven Beckett, Beckett & Crewell, Champaign, Ill., Jeffrey Steinback, Genson, Steinback & Gillespie, Chicago, Ill., for plaintiff.

James R. Schirott, James Sotos, Charles E. Hervas, Michael W. Condon, Schirott & Associates P.C., Itasca, Ill., for defendant Dallas Ingemunson.

James R. Schirott, James Sotos, Charles E. Hervas, Phillips A. Luetkehans, Schirott & Associates P.C., Itasca, Ill., for defendant Kendall County.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for defendant State of Ill.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the Court on Defendants' Motion to Dismiss. For the following reasons, Defendants' Motion is granted.

## DISCUSSION

The issue raised in this motion is whether the Forfeiture Provision of the Illinois Criminal Obscenity Statute is constitutional under the First and Fourth Amendments to the United States' Constitution. The Forfeiture Provision provides in pertinent part:

(3) Any person who has been convicted previously of the offense of obscenity and who shall be convicted of a second or subsequent offense of obscenity shall forfeit to the State of Illinois:

(i) Any property constituting or derived from any proceeds such person obtained directly or indirectly, as a result of such offense; and

(ii) Any of the person's property used in any manner, wholly or in part, to commit such offense.

(4) Forfeiture Hearing. At any time following a second or subsequent conviction for obscenity, the court shall, upon petition by the Attorney General or the State's Attorney, conduct a hearing to determine whether there is any property that is subject to forfeiture as provided hereunder. At the forfeiture hearing the People shall have the burden of establishing by preponderance of the evidence that such property is subject to forfeiture.

(5) Prior Restraint.

Nothing in this subsection shall be construed as authorizing the prior restraint of any showing performance or exhibition of allegedly obscene films, plays or other presentations or of any sale or distribution of allegedly obscene materials.

## I. First Amendment Challenge

■ The plaintiff maintains that the Forfeiture Provision at issue is facially invalid because it operates as an impermissible prior restraint which under the First Amendment is subject to the middle-level of scrutiny enunciated in *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). The plaintiff argues that the Forfeiture Provision acts as a prior restraint because it may adversely affect plaintiff's right to sell protected speech in the future by forcing plaintiff to forfeit such protected speech. The defendants, relying on *Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 106 S.Ct. 3172, 92 L.Ed.2d 568 (1986), argue that the Forfeiture Provision is a subsequent punishment, not a prior restraint, and thus, any First Amendment analysis is inappropriate. We hold that defendants' position is most correctly in line with United States Supreme Court precedent and other recent case law.

In *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), the Court found that where speech and nonspeech elements are combined in the same course of conduct, State regulation of such conduct is justified if "it is within the constitutional power of the Government; if it furthers an important or substantial government interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *Id.* at 377, 88 S.Ct. at 1679. The Supreme Court then determined that this test was applicable to a statute which imposed criminal sanctions on one who destroys a draft registration card, finding the burning of a draft card to carry some message of opposition to the draft.

The Supreme Court has applied this test in other cases involving governmental regulation of conduct which contains an expressive element. *See e.g. Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984) (Ban on demonstrators camping in Lafayette Park and on the Mall in Washington, D.C. in protest of the plight of the homeless); *United States v. Albertini*, 472 U.S. 675, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985) (protestor's conviction for re-entering a military base after being subject to an order barring him from entering that establishment based on his previous improper conduct on the base). However, the United States Supreme Court in *Arcara v.*

*Cloud Books, Inc.,* 478 U.S. 697, 106 S.Ct. 3172, 92 L.Ed.2d 568 (1986), refused to apply *O'Brien's* First Amendment analysis in determining the constitutionality of a New York statute which authorized the closure for one year of any building in which any lewdness, assignation, or prostitution was conducted. In *Arcara,* the respondents owned and operated an "adult" bookstore where they permitted patrons to engage in various sexual activity and to solicit prostitution. The respondents argued that the closure order sought by petitioner would impose an incidental burden on respondents' legal bookselling activity and accordingly they were entitled to First Amendment protection under *O'Brien.* The Court rejected that argument and held that *O'Brien* did not apply because the regulated sexual conduct manifested absolutely no element of protected expression. The Court went on to uphold the closure statute even though it seriously burdened the sale of protected materials. The Court held that booksellers may not claim special protection from government regulation of their nonprotected conduct simply because the regulation by happenstance imposes a burden on the bookseller's protected conduct. *Arcara,* 106 S.Ct. at 3177.

In light of the above stated principles, the plaintiff's argument misses the mark for two reasons. First, the Illinois Obscenity Statute and its Forfeiture Provision regulate completely unprotected conduct. Accordingly, because the regulated conduct here is void of any protected expression, the plaintiff is not entitled to the First Amendment protection bestowed by *O'Brien* and its progeny. In addition, the plaintiff here has failed to distinguish between a prior restraint and the adverse impact on a person's legal rights resulting from the imposition of a subsequent punishment. While a prior restraint on speech gives rise to First Amendment protection, the fact that the forfeiture penalty at issue may indirectly burden plaintiff's future speech does not mean that the First Amendment is implicated. A subsequent punishment is applied only after the due process of a criminal trial and whatever "chilling effect" it may have is intended

and legitimate. *United States v. Pryba,* 674 F.Supp. 1504, 1513 (E.D.Va.1987). "The Constitution does not forbid punishment for a crime simply because that punishment might affect free expression." *Id.* As the United States Supreme Court in *Arcara,* supra, so aptly stated:

> .... [E]very civil and criminal remedy imposes some conceivable burden on First Amendment protected activities. One liable for a civil damages award has less money to spend on paid political announcements or to contribute to political causes, yet no one would suggest that such liability gives rise to a valid First Amendment claim. Similarly, a thief who is sent to prison might complain that his First Amendment right to speak in public places has been infringed because of the confinement, but we have explicitly rejected a prisoner's claim to a prison environment least restrictive of his desire to speak to outsiders. [citations omitted].

*Arcara,* 106 S.Ct. at 3177.

Based on the foregoing, the plaintiff's argument that the Forfeiture Provision is invalid as a prior restraint must be rejected.

## II. *Vagueness and Overbreadth*

Plaintiff next argues that the Forfeiture Provision is unconstitutionally vague and overbroad. The plaintiff contends that the term "property" as defined in Chapter 38, § 11–20(g)(2)(ii) is not specific enough to enable law enforcement officials to determine with sufficient precision which items may be seized. The plaintiff also argues that the phrase "directly or indirectly" used in § 11–20(g)(3)(i) allows prosecutors and judges to require plaintiff to forfeit protected speech rather than profits from obscene works only. These arguments are entirely without merit.

Plaintiff's challenges ignore the fact in order for the plaintiff to be required to forfeit the property, the property must be a proceed obtained through the commission of the obscenity offense and it must be determined as such at a hearing prior to the forfeiture. Moreover, plaintiff's argu-

ment that protected property may be seized under the statute must fail because the property is being forfeited as a punishment and not contraband. This type of punishment, while it may lead to a type of chilling or self-censorship, is permissible. *United States v. Pryba,* 674 F.Supp. at 1513 n. 29.

### III. Fourth Amendment Challenge

 Finally, plaintiff asserts that the Forfeiture Provision is unconstitutional because search and seizure of First Amendment protected material must be preceded by a probable cause determination. The plaintiff contends that as applied to obscenity cases, the Fourth Amendment is designed to prohibit police officers from advance determination of whether particular material is obscene. *See Lo–Ji Sales, Inc. v. New York,* 442 U.S. 319, 325–26, 99 S.Ct. 2319, 2323–24, 60 L.Ed.2d 920 (1979). While this is true, the Fourth Amendment in this context has no bearing on the State's ability to punish for multiple obscenity convictions. Plaintiff again confuses the issue because the forfeiture statute involves punishment for a crime and has nothing to do with whether or not the forfeited material is contraband. The material forfeited would only be the proceeds of an already adjudicated criminal offense.

Based on the foregoing analysis, the Defendants' Motion to Dismiss is granted.